IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSA LUDIVINIA CAMARENA, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 5643 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH T. CUCCINELLI, Acting | ) | |
| Director, United States Citizenship | ) | |
| and Immigration Services, and | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Rosa Camarena, a citizen of Mexico, has filed suit against the United States Citizenship and Immigration Services ("USCIS") and its acting director, Kenneth Cuccinelli, alleging that their failure to place her on the waiting list for a U-Visa violates the Administrative Procedure Act (Count I) and the constitutional right to procedural due process (Count II). The Defendants have moved to dismiss Camarena's complaint [11]. For the reasons below, that motion is denied.

## Background[1]
### I. The U-Visa Framework

Foreign citizens who fall victim to certain crimes while visiting the United States may qualify for a U-Visa. *See* 8 U.S.C. § 1101(a)(15)(U). To receive a U-Visa,

---

[1] When reviewing a motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all possible inferences in favor of the Plaintiff. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

the foreign citizen must: (1) possess important information about a qualifying crime, see 8 C.F.R. § 214.14(c)(2)(i), (2) cooperate in the investigation and prosecution of that crime, see *id.*, and (3) submit evidence of eligibility, see *id.* § 214.14(c)(2)(ii). As relevant here, domestic violence is a qualifying crime. *See* 8 C.F.R. § 214.14(a)(9).

Although Congress allocates 10,000 U-Visas every year, see 8 C.F.R. § 214.14(d), demand for such visas far exceeds supply, see Compl. ¶ 20. To keep track of the backlog of U-Visa applications, the Agency has created a waiting list. *Id.* ¶ 21. Petitioners who are placed on the waiting list earn deferred action from removal and may also receive work authorization. *Id.* ¶ 52. As the relevant rule explains:

> All eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority. . . . USCIS will grant deferred action or parole to U–1 petitioners and qualifying family members while the U–1 petitioners are on the waiting list. USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.

8 C.F.R. § 214.14(d)(2).

## II.     Camarena's U-Visa Application

Several years ago, Camarena was the victim of domestic violence and aggravated stalking. Compl. ¶ 26. In keeping with the U-Visa's eligibility requirements, the Cook County State Attorney's Office certified that Camarena: (1) was the victim of a qualifying crime, (2) possessed valuable information about that crime, and (3) assisted the investigation. *Id.* ¶¶ 30–33. With that certification in hand, Camarena submitted a U-Visa petition on August 30, 2016. *Id.* ¶ 34. About three years later, however, the Agency still has not decided whether to grant her

2

petition. *Id.* ¶ 36. Nor has the Agency placed Camarena on the U-Visa waiting list. *Id.* Out of patience, she urges the Court to direct the Agency to review her application. *Id.* ¶ 60(c).

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). For that reason, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## **Analysis**

As the Defendants see it, neither of the counts outlined in Camarena's complaint states a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court addresses each count in turn.

3

## A. Administrative Procedure Act ("APA") Claim

The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). As relevant here, the Seventh Circuit has recognized that eligible U-Visa applicants must be placed on the waiting list "within a reasonable time." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017). In deciding "whether the plaintiff's wait to have his U[-]visa petition reviewed [i]s unreasonable," courts consider: (1) the length of the delay, (2) "the backlog of petitions", and (3) the agency's "effort to reduce the backlog." *Id.* at 276; *see also Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870, at *4 (N.D. Ill. Feb. 23, 2018) (distilling these factors).

At this stage, the Court cannot say that the Agency's delay in reviewing Camarena's application was reasonable. Viewing the complaint in the light most favorable to Camarena, the factors outlined above tilt in her favor. Most important, Camarena's application has been pending for nearly three years. True, the amount of time elapsed is not itself dispositive. But courts generally decline to dismiss claims based on three-year delays in processing U-Visa applications. *See, e.g.*, *Haus*, 2018 WL 1035870, at *4 (refusing to find "that [a] three-year delay in reviewing [the plaintiff]'s U visa petitions for placement on the waiting list is reasonable as a matter of law"); *Urias v. Cissna*, No. 9:18-00093-MBS, 2018 WL 5014078, at *4 (D.S.C. Oct. 15, 2018) (same). And, although the Agency has accumulated 134,967 pending

4

applications, Ex. 1, Mot. Dismiss, ECF No. 11-1, it does not seem to have taken any significant steps to reduce the backlog since August 2016, see Mem. Supp. Mot. Dismiss ("Mot. Dismiss") at 4, ECF No. 11. *See also Rodriguez v. Nielsen*, No. 16-CV-7092 (MKB), 2018 WL 4783977, at *20–21 (E.D.N.Y. Sept. 30, 2018) (rejecting the argument that "any delay in waiting list adjudications is reasonable in light of the high volume of applications the agency receives"). In short, Camarena has plausibly alleged that the Agency failed to decide whether to place her on the U-Visa waiting list within a reasonable time.

For their part, the Defendants advance three arguments. First, they assert that "a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mot. Dismiss at 9 (citing *Alkassab v. Rodriguez*, No. 2:16-cv-1267-RMG, 2017 WL 1232428, at *5 (D.S.C. Apr. 3, 2017)). That argument might be relevant if Camarena had applied for a writ of mandamus, but it has little impact on her APA claim. *See Calderon-Ramirez*, 877 F.3d at 276 (analyzing this factor in the context of mandamus relief, but not in evaluating the plaintiff's APA claim); *see also Haus*, 2018 WL 1035870, at *4 ("[T]he Seventh Circuit's analysis . . . did not turn on whether the plaintiff could distinguish himself from the other petitioners awaiting adjudication.").

Second, the Defendants insist that this case is on all fours with *Calderon-Ramirez*, a recent Seventh Circuit decision that addressed the reasonableness of U-Visa processing delays. *See* 877 F.3d at 276. There, the Court of Appeals refused to classify an eighteen-month delay as unreasonable. *Id.* That result hinged on "the

5

agency's recent changes [in response] to the [application] backlog," such as "distributing U-visa petitions to a second service center [in Nebraska]." *Id*. Here, by contrast, the Defendants fail to highlight any recent efforts to accelerate U-Visa processing. *See* Mot. Dismiss at 4 (acknowledging that the Nebraska service center opened about three years before Camarena filed suit).

Finally, the Defendants contend that "the delay in adjudication is not unreasonable as Plaintiff is still well within the [average] processing times." Mot. Dismiss at 10. But this argument deserves little, if any, weight. An unreasonable delay that applies to every applicant is still unreasonable. Otherwise, the Agency could defer review of petitions for years or even decades. The APA requires more. *See* 5 U.S.C. § 555(b).

Based on the pleadings, the Court cannot rule as a matter of law that the Agency's three-year delay in reviewing Camarena's U-Visa application is reasonable. Thus, the Court declines to dismiss Camarena's APA claim at the pleading stage. If the Defendants choose, they may revisit this issue when the factual record is more developed.

## B. Procedural Due Process Claim

In their reply, the Defendants argue that Camarena fails to state a viable due process claim. *See* Defs.' Reply at 8–9, ECF No. 15. But the Defendants did not raise this argument in their motion to dismiss. *See* Mot. Dismiss at 7–12. In the Seventh Circuit, "arguments made for the first time in a reply brief are generally treated as waived." *Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011)

(identifying "numerous precedents in this circuit upholding findings of waiver where arguments were not raised until the reply brief").  Seeing no reason to deviate from that rule, the Court concludes that the Defendants have waived argument as to Camarena's due process claim.

## Conclusion

For the reasons set forth above, the Defendants' motion to dismiss [11] is denied.

**IT IS SO ORDERED.**   ENTERED   2/4/20

                                                                  _/s/ John Z. Lee_

                                                                  **John Z. Lee**
                                                                  **United States District Judge**